Opinion issued August 15, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00171-CR

 01-01-00172-CR

____________


BYRON KEITH CARRIERE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 863502, 847324






O P I N I O N

 We withdraw our opinion and judgment of August 1, 2002, and issue this
opinion and judgments in their stead. A jury found appellant, Byron Keith Carriere,
guilty of the felony offenses of retaliation (1) and theft. (2) After finding two enhancement
paragraphs alleging two prior felony convictions to be true, the jury assessed
punishment at 45-years imprisonment for retaliation and 20-years imprisonment for
theft. In five points of error, appellant contends: (1) the evidence was legally
insufficient to support his retaliation conviction; (2) the evidence was factually
insufficient to support his retaliation conviction; (3) the evidence was factually
insufficient to support a finding of true to the second enhancement allegation; (4) the
trial court erred by defining "reasonable doubt" in the jury charge; and (5) the trial
court deprived appellant of equal protection of the law when it allowed the State to
use his previous felony conviction for burglary of a motor vehicle as an enhancement
allegation. We affirm.

Facts

 Houston Independent School District (HISD) Police Officer Rick Evans, while
working an extra job as a security guard at a Fiesta Mart, saw appellant leaving the
store with a cart full of meat. Officer Evans thought appellant's action was
suspicious because his groceries were not bagged and he was leaving through the
entrance. As appellant was leaving the store, Officer Evans tried to question him, but
appellant attempted to run away. 

 Officer Evans caught up with appellant and a brief struggle ensued. When
appellant did not produce a sales receipt upon request, Officer Evans arrested and 
handcuffed him before re-entering the store. Officer Evans testified that he was
wearing a generic peace-officer uniform and identified himself to appellant as a
police officer. 

 After his arrest, appellant made several derogatory and threatening comments
towards Officer Evans. Appellant called Officer Evans a "faggot," "homo," "rent-a-cop," and "queer." Additionally, appellant threatened to find out where Officer Evans
lived, follow him home, then "beat his ass," "put a bullet in his head," and rape his
wife. 

Discussion

 In points of error one and two, appellant challenges the legal and factual
sufficiency of the evidence to support his retaliation conviction. Specifically,
appellant contends the evidence is insufficient to prove that he knew Officer Evans
was a "public servant." When both factual and legal sufficiency points of error are
raised, we must first examine the legal sufficiency of the evidence. Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). 

 When reviewing the legal sufficiency of the evidence to support a criminal
conviction, the critical inquiry is whether the evidence in the record could reasonably
support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979). We review the legal sufficiency of the
evidence by viewing the evidence in the light most favorable to the verdict to
determine if any rational fact finder could have found the essential elements of the
crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.--Houston [1st Dist.]
1997, no pet.).

 Appellant was convicted of retaliation against a public servant. A person
commits the crime of retaliation when he intentionally or knowingly harms or
threatens to harm another by an unlawful act in retaliation for, or on account of, the
service of another as a public servant. Tex. Penal Code Ann. § 36.06(a)(1) (Vernon
Supp. 2002).

 A public servant is defined as "a person elected, selected, appointed, employed,
or otherwise designated as one of the following, even if he has not yet qualified for
office or assumed his duties: (A) an officer, employee, or agent of government."

Tex. Penal Code Ann. § 1.07(a)(41) (Vernon Supp. 2002).

 Although not explicitly included in the Penal Code definition of a "public
servant," courts have interpreted public servant to include a police officer. See Bryson
v. State, 807 S.W.2d 742, 745-46 (Tex. Crim. App. 1991); McCoy v. State, 932 S.W.2d
720, 723 (Tex. App.--Fort Worth 1996, pet. ref'd). It is undisputed that Officer Evans
was a HISD police officer; therefore, we hold that he was a public servant within the
meaning of section 36.06. We recognize that, when working for Fiesta, Officer Evans
was an off-duty HISD police officer. However, in the presence of criminal activity,
a police officer's off-duty status is not a limitation upon the discharge of police
authority. Wood v. State, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972); see generally
Tex. Code Crim. Proc. Ann. art. 2.13 (Vernon Supp. 2002). 

 In this case, Officer Evans told appellant he was a police officer. After
appellant was handcuffed and placed under arrest, he threatened Officer Evans. Based
on the evidence, a rational jury could have found against appellant on the crime of
retaliation. 

 We overrule point of error one.

 Appellant next contends the evidence was factually insufficient to support his
retaliation conviction. Under the factual-sufficiency standard, we ask whether a
neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof is so obviously weak as to undermine confidence in the
jury's determination, or the proof, although adequate if taken alone, is greatly
outweighed by contrary proof. King, 29 S.W.3d at 563. Accordingly, we will reverse
the fact finder's determination only if a manifest injustice has occurred. Id. In
conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for
that of the fact finder. Id.

 Appellant argues he did not know Officer Evans was a police officer. In
support of his argument, appellant cites the fact that he called Officer Evans "faggot,"
"homo," "rent-a-cop," and "queer." However, the evidence further shows that Officer
Evans's security uniform included a badge and patch that read "peace officer," and,
prior to appellant's apprehension and arrest, Officer Evans identified himself as a
police officer. After reviewing all the evidence, we conclude that the verdict is not so
obviously weak as to indicate that a manifest injustice has occurred. Accordingly, we
find the evidence factually sufficient to support appellant's conviction. 

 We overrule point of error two. 

 Appellant argues in point of error three the evidence is factually insufficient to
sustain a finding of true to the second enhancement paragraph, alleging a prior
conviction for burglary of a motor vehicle. We disagree.

 Appellant directs our attention to a missing thumbprint on the judgment
supporting his enhancement conviction. Appellant, without citing any authority,
argues that, because his thumbprint is missing from the judgment, the evidence is
"insufficient" to support his previous conviction for burglary of a motor vehicle. 
However, it is well-settled that a prior conviction alleged for enhancement may be
established by certified copies of a judgment and sentence and authenticated copies
of the Texas Department of Criminal Justice records, including fingerprints, supported
by expert testimony matching them to the known prints of the defendant. Beck v.
State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); see also Garner v. State, 864
S.W.2d 92, 97 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). Here, the State introduced appellant's penitentiary packet into evidence to prove
his prior conviction (3) and enhance his punishment. The packet offered at the
punishment phase included appellant's picture, Texas Department of Criminal Justice
certified fingerprints, judgment, and physical description. Even though appellant's
thumbprint is missing from the judgment documenting his prior conviction, the State's
fingerprint expert testified that appellant's fingerprints matched the fingerprints
contained in his penitentiary packet. Appellant did not offer any controverting
evidence, nor does he direct us to any statute that wholly invalidates a judgment when
the thumbprint is missing. Thus, after reviewing all the evidence, we conclude that
the verdict is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. We overrule point of error three.

 In point of error four, appellant argues the trial court erred by refusing to delete
the definition of "reasonable doubt" contained in the jury charge. Texas courts are no
longer required to define reasonable doubt. Paulson v. State, 28 S.W.3d 570, 573
(Tex. Crim. App. 2000) (overruling Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim.
App. 1991) insofar as it required jury instruction on reasonable doubt). 

 The court in Paulson held there is no requirement for trial courts to instruct
juries on the definition of "beyond a reasonable doubt." Paulson, 28 S.W.3d at 573. 
Further, the court stated the better practice is to give no definition of reasonable doubt
at all to the jury. Id. Alternatively, the court stated, "if both the State and the defense
were to agree to give the Geesa instruction to the jury, it would not constitute
reversible error for the trial court to acquiesce to their agreement." Id. In Colbert v.
State, 56 S.W.3d 857, 860 (Tex. App.--Corpus Christi 2001, pet. filed), the court
applied the Paulson decision and held that, if the State and defendant do not agree to
the Geesa instruction, it constitutes reversible error for the trial court to submit the
definitional instruction. (4) 

 In Paulson, the Court of Criminal Appeals overruled the requirement to submit
(to the jury) a definition of reasonable doubt as established by Geesa, stating the
definition was "useless," "ambiguous," and "fallacious." Paulson, 28 S.W.3d at 572. 
The definition of "reasonable doubt" mandated by Geesa stated: 

 1.) A reasonable doubt is a doubt based on reason and common
sense after a careful and impartial consideration of all the evidence
in the case;


 2.) It is the kind of doubt that would make a reasonable person
hesitate to act in the most important of his own affairs; and


 3.) Proof beyond a reasonable doubt therefore must be proof of
such a convincing character that you would be willing to rely and
act upon it without hesitation in the most important of your own
affairs.


Geesa, 820 S.W.2d at 162. 


 Appellant argues it was reversible error for the trial court to charge the jury:

"It is not required that the prosecution prove guilt beyond all possible doubt; it is
required that the prosecution's proof excludes all reasonable doubt concerning the
defendant's guilt." (Emphasis added). We note that the Waco Court of Appeals
recently held that the submission of this same language in a jury charge was error. See
Phillips v. State, 72 S.W.3d 719 (Tex. App.--Waco 2002, no pet. h.). We respectfully
disagree. 

 Although this Court recognizes that the above language is mentioned in Geesa,
we hold that it is not the sort of instruction prohibited by Paulson. Geesa, 820 S.W.2d 
at 162. In reviewing the charge, we must determine: (1) whether there is error in the
charge; and (2) whether sufficient harm resulted requiring reversal. Hutch v. State,
922 S.W.2d 166, 170-71 (Tex. Crim. App. 1996); Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985); Morales v. State, 4 S.W.3d 455, 457 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). Because we conclude there was no error in
this case, we do not conduct a harm analysis. According to Paulson, when the court is evaluating a jury charge for a
reasonable-doubt-definition error, we must first determine if a definition of reasonable
doubt exists in the jury charge. Paulson, 28 S.W.3d at 573. If not, the charge does not
violate Paulson. In our case, the trial court instructed the jury "it is not required that
the prosecution prove guilt beyond all doubt." This instruction does not lessen the
State's burden of proof, especially in light of the second sentence which correctly
repeats the State's burden that, "it is required that the prosecution's proof excludes all
reasonable doubt concerning the defendant's guilt." The charge was proper because
it did not define reasonable doubt--it merely instructed the jury that appellant's guilt
must be proved beyond a reasonable doubt, not beyond all possible doubt.

 The Paulson court held the "better practice" was to avoid defining reasonable
doubt for the jury. Id. "Better practice" does not preclude a court from submitting a
proper charge in a different fashion. If including any instruction or definition
regarding reasonable doubt would constitute error, the Paulson court was in a position
to say so and, instead, it remained silent to that effect. We must review each charge,
and each objection therein, on a case-by-case basis, to determine if error exists. 

 We overrule point of error four.

 Appellant argues in point of error five he was deprived of equal protection of
the law when the State used his felony conviction of burglary of a motor vehicle (5) as
the basis for the second enhancement paragraph. Beginning September 1, 1994, the
Texas Legislature reduced the penalty for the offense of burglary of a motor vehicle (6)
from a felony of the third degree to a class A misdemeanor. Appellant failed to file
a motion to quash and did not object to the indictment. 

 Appellant has waived his argument on appeal. The Code of Criminal Procedure
provides:

 If the defendant does not object to a defect, error, or irregularity of
form or substance in an indictment or information before the date
on which the trial on the merits commences, he waives and forfeits
the right to object to the defect, error, or irregularity and he may
not raise the objection on appeal or in any other postconviction
proceeding . . . .


Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2002).

 In the present case, the State alleged in the indictment for burglary of a motor
vehicle that appellant committed a prior felony and was convicted. Appellant had
notice of the enhancement paragraph, and his complaint is one of "defect, error, or
irregularity of form or substance." See Goins v. State, 841 S.W.2d 527, 533 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). Therefore, appellant waived his argument
because he did not object to the alleged indictment error before trial. 

 We overrule point of error five. 

Conclusion

 We affirm the trial court's judgments.


Sherry J. Radack

Justice

Panel consists of Justices Jennings, Radack, and Price. (7)

Publish. Tex. R. App. P. 47.4. 
1. Trial cause number 863502; appellate cause number 01-01-00171-CR
2. Trial cause number 847324; appellate cause number 01-01-00172-CR
3. In 1994, appellant was convicted for burglary of a motor vehicle, cause
9418730, in the 230th District Court of Harris County, Texas. 
4. The Corpus Christi Court stated that the holding in Paulson is problematic. 
The court agreed with Judge Price's dissent that the Paulson decision "equips
Texas juries with a measuring stick but deprives them of the lines of
demarcation that should guide them in measuring evidence of guilt." Paulson,
28 S.W.3d at 582-83 (Price, J., dissenting). 
5. Appellant was arrested for burglary of a motor vehicle on August 11, 1994 and
was sentenced on September 20, 1994. 
6. Upon amending the Penal Code, the Legislature specifically provided that an
offense committed before the effective date of the amendment is governed by
the law in effect when the offense was committed. See Act of May 29, 1993,
73d Leg., R.S., ch. 900, § 1.18(b), 1993 Tex. Gen. Laws 3586, 3705; see e.g.,
Fiori v. State, 918 S.W.2d 532, 533 (Tex. App.--Dallas 1995, no pet.). 
7. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.