Opinion issued December 19, 2002










In The
Court of Appeals
For The
First District of Texas




NOS. 01-01-00905-CR
          01-01-00906-CR
          01-01-00907-CR




EFRAIN MEDINA CASANOVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
 Galveston County, Texas
Trial Court Cause No. 01CR0068, 01CR 0069, 01CR0070




O P I N I O N
Background
           Appellant, Efrain Medina Casanova, was charged by indictment with two counts of
aggravated sexual assault of a child and one count of indecency with a child by contact. 
Appellant objected to an instruction in the jury charge which defined “beyond a reasonable
doubt.” A jury found appellant guilty of all three charged offenses. Appellant was sentenced
to 25 and 30 years confinement for the first two counts and 15 years for the third count. 
Appellant presents two points of error for review, contending the trial court erred in: (1)
including an instruction in the jury charge on the definition of the state’s burden of proof of
“beyond a reasonable doubt,” in violation of his federal constitutional right to due process,
and (2) including an instruction in the jury charge on the definition of the state’s burden of
proof, even though it is prohibited under Texas law.
Discussion
           In his two points of error, appellant claims Texas law and his federal due process
rights were violated when the trial court included an instruction in the jury charge defining
“beyond a reasonable doubt.” Texas courts are no longer required to define reasonable
doubt. Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). This Court has
previously held that a charge identical to the charge before us in this case was proper because
it did not actually define reasonable doubt—it merely instructed the jury that appellant’s guilt
must be proved beyond a reasonable doubt, not beyond all possible doubt. Carriere v. State,
84 S.W.3d 753, 759 (Tex. App.—Houston [1st Dist.] 2002, pet. filed). Thus, appellant’s
argument is without merit. We overrule appellant’s two points of error.
 
 
 
Conclusion
           We affirm the trial court’s judgment.


                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Justice Nuchia, Jennings, and Radack.
Do not publish. Tex. R. App. P. 47.4.