In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00086-CR


______________________________




DONALD BERFORD JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28805-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Donald Berford Johnson appeals his conviction for possession of cocaine in an amount
greater than or equal to four grams, but less than 200 grams. Johnson pled guilty, as part of a plea
agreement, and the trial court sentenced him to eleven years' imprisonment, as called for in the plea
agreement.

 In the same proceeding, Johnson also pled guilty, as part of a plea agreement, to possession 
of methamphetamine in an amount greater than or equal to one gram, but less than four grams, with
intent to deliver. The trial court sentenced him to eleven years' imprisonment as called for in the plea
agreement. The trial court also ordered both sentences to run concurrently.

 In both cases, Johnson filed motions to suppress the narcotics and a written statement he
made to police. The trial court overruled both motions. Johnson has filed a specific notice of appeal
in both cases as required by Rule 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3) (Vernon 2002). (1) This
opinion addresses Johnson's appeal from his conviction for possession of cocaine.

 



 We have, this day, released our opinion in his appeal from his conviction for possession of
methamphetamine with intent to deliver, Number 06-02-00085-CR, Donald Berford Johnson v. The
State of Texas. The briefs and arguments in the two cases are identical. For the reasons stated in our
opinion in the other case, we affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 3, 2002

Date Decided: January 27, 2003


Do Not Publish
1. By an order dated December 23, 2002, the Texas Court of Criminal Appeals approved
changes to Rule 25.2. The changes became effective January 1, 2003. Because Johnson filed his
notices of appeal before January 1, 2003, we apply the former rule.



: 'Times New Roman', serif">V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,490-2002


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Mark Anthony Hulsey was convicted for aggravated sexual assault of a child and was
sentenced to life in prison. On appeal, Hulsey contends his conviction should be reversed because
(1) the evidence was legally and factually insufficient to support his conviction, (2) the trial court
improperly  allowed  a  nine-year-old  child  to  testify  though  she  was  not  competent  to  do  so,
and (3) the assessment of an automatic life sentence was improper because the evidence was
factually and legally insufficient to support the jury's finding that his prior conviction in Arkansas
was for a crime substantially similar to aggravated sexual assault in Texas. We affirm because we
find the evidence was sufficient to support the conviction, because allowing the complainant to
testify was proper, and because proof of the Arkansas conviction was sufficient to support Hulsey's
automatic life sentence.
1. Evidence Was Legally and Factually Sufficient to Support Conviction
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we are required to determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex.
Crim. App. Apr. 21, 2004). 
            After questioning during which she indicated her ability to identify various body parts, the
complainant testified Hulsey put his penis into her anus


 and, when he did so, her anus ripped. She
also testified Hulsey told her not to tell anyone. The complainant's mother had a note from the
complainant in which she wrote about the event and specifically recounted penetration of her anus. 
The note was introduced into evidence, but the mother did not testify.


 Kim Basinger, a sexual
assault nurse examiner, testified that, when she examined the complainant several weeks after the
incident, the complainant told Basinger that Hulsey attempted to have anal sex with her and that in
the process he penetrated her anus—he "got in half way." Basinger testified the complainant's anus
was scarred, consistent with anal penetration around the time of the incident.
            There is no evidence to the contrary. Hulsey's counsel showed there were several other males
of varying ages living in the home with the child at or near the time of the incident, but could provide
no proof other than simple access to the child. The child testified clearly and consistently that
Hulsey was the perpetrator. As pointed out by counsel, the child did identify the penis by different
terms at different times, but that, standing alone, does not throw doubt on the verdict. The evidence
is both legally and factually sufficient to support the verdict.
 
 
2. Allowing Complainant to Testify was Proper
            Hulsey also contends the trial court erred by concluding the child was a competent witness. 
We have reviewed the record, and it is apparent this matter was never placed before the trial court
for its consideration. In the absence of an objection, the issue is not preserved for review. Tex. R.
App. P. 33.1; McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998); Hill v. State, 3 S.W.3d
249, 253 (Tex. App—Waco 1999, pet. ref'd). Besides, from the record, we can see that the
complainant was a cogent and competent witness.
3. Proof of Prior Arkansas Conviction Sufficient to Support Automatic Life Sentence
            Hulsey also contends the evidence is insufficient to support the jury's conclusion that the
foreign conviction alleged as an enhancement was substantially similar to the present offense and
thus his conviction was improperly enhanced.
            A prior Texas conviction alleged for enhancement may be established by certified copies of
a judgment and sentence and authenticated copies of the Texas Department of Criminal Justice
records, including fingerprints, supported by expert testimony matching them to the known prints
of the defendant. Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); Carriere v. State, 84
S.W.3d 753, 758 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).
            For an out-of-state penitentiary packet to suffice in Texas as evidence of a prior criminal
record at the punishment phase of a trial, the State must either prove or ask the trial court to take
judicial notice of what the sister state considers sufficient documentary proof of a final conviction,
or the foreign documents must be the functional equivalent of a Texas judgment. Langston v. State,
776 S.W.2d 586, 588 (Tex. Crim. App. 1989). Here, the State tendered an Arkansas penitentiary
packet, but did not ask the trial court to take judicial notice of Arkansas law.


 Hulsey's counsel
affirmatively said he had "no objection" to the admission of the penitentiary packet, which was
admitted into evidence.
            Hulsey's argument on appeal is limited to his assertion that the penitentiary packet evidence
is insufficient to demonstrate that the elements of the offense for which he was convicted in
Arkansas were substantially similar to the elements of an offense enumerated in Section 12.42(c)(2)
of the Texas Penal Code, including, in relevant part, aggravated sexual assault or sexual assault. See
Tex. Pen. Code Ann. § 12.42(c)(2) (Vernon Supp. 2004–2005). The State was required to prove
the Arkansas offense's substantial similarity to one of these offenses in order to justify the imposition
of an automatic life sentence. We conclude that, though the proof was not ideal, it was sufficient
to demonstrate substantial similarity. We compare the elements of the Arkansas conviction with
those of the Texas offense of sexual assault under Section 22.011(a)(2)(A) of the Texas Penal Code. 
See Tex. Pen. Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2004–2005).
            The Arkansas penitentiary packet contains a judgment stating Hulsey was convicted of an
offense designated "sexual abuse." The judgment and commitment order that is included shows that
he was convicted of sexual abuse, that it was a first degree, class C felony, and that he was sentenced
to six years' imprisonment. Other records in the packet demonstrate he served over three and one-half years, then was on supervised release for approximately twenty-one months. The judgment
itself contains no description of the offense. The only document in the packet that provides a
sufficient description of the Arkansas offense is the "Prosecutor's Report," which states Hulsey
entered the room of his eight-year-old cousin, J. H., stuck his hand down her pants and penetrated
her vagina with his finger. We hold this description is sufficient to demonstrate that the Arkansas
offense was substantially similar to the Texas offense of sexual assault—and that it could have been
charged as sexual assault if committed in Texas. The Texas offense of sexual assault would have
required proof that Hulsey intentionally or knowingly by any means caused penetration of the sexual
organ of a person under seventeen years of age not the spouse of the actor. See Tex. Pen. Code
Ann. § 22.011(a)(2)(A). The Arkansas description is clear; Hulsey caused the penetration of J. H.'s
sexual organ by "any means" when she was under age seventeen. And it is a reasonable deduction
from the Arkansas description that he intentionally or knowingly committed the act and that J. H.
was not then his spouse—she was eight years of age and his cousin. The Arkansas description was
sufficient.
 
 
 
            We affirm the judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 21, 2004
Date Decided:             September 9, 2004

Do Not Publish