OPINION



No. 04-02-00131-CR



Joe Luis OCHOA,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CR-5424


Honorable Philip A. Kazen, Jr. , Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: August 20, 2003


AFFIRMED

 Joe Luis Ochoa was convicted of the felony offense of driving while intoxicated. Ochoa was
sentenced to forty years confinement in the Institutional Division of the Department of Criminal
Justice. We affirm. 

Background

 On December 7, 2000, Officer Augustine Garcia of the San Antonio Police Department
observed Ochoa driving a Suburban erratically. As a result, Garcia activated his on-board camera,
and captured a video recording of Ochoa's vehicle drifting over the lane markers into another lane
of traffic and nearly striking another vehicle. Garcia activated his overhead lights and signaled Ochoa
to pull over. After Ochoa pulled over, Garcia explained the nature of the traffic stop to Ochoa.
Garcia then performed a Horizontal Gaze Nystagmus Test on Ochoa and found that Ochoa exhibited
six signs of intoxication. Garcia also performed a variety of other tests which indicated that Ochoa
had alcohol in his system. While Garcia was administering the tests, another officer, Mark Salazar,
arrived on the scene. Salazar discovered a 16-ounce open container of beer inside Ochoa's vehicle.
Ochoa was then transported to the magistrate's office in San Antonio, where it was determined that
his blood alcohol concentration was .183.

 Ochoa was indicted for driving while intoxicated, third offense. At trial, the State presented
multiple witnesses, a videotape from the night of the arrest, and Ochoa's prior criminal record. A jury
found Ochoa guilty of the alleged offense, determined Ochoa had used a deadly weapon, and found
that the enhancement allegations were true. Punishment was assessed at 40 years imprisonment. 

Discussion 

A. Deadly Weapon 

 Ochoa's first contention is that there is insufficient evidence to support the jury's finding that
Ochoa used his motor vehicle as a deadly weapon. When a party attacks the legal sufficiency of the
evidence, we view the evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim.
App. 1995). 

 At trial, the jury made an affirmative finding that Ochoa had used his motor vehicle as a deadly
weapon. The Texas Code of Criminal Procedure authorizes such a finding upon sufficient evidence
"that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the
commission of a felony offense or during the immediate flight therefrom, and that the defendant used
or exhibited the deadly weapon . . . ." Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon
Supp. 2003). Section 1.07(a)(17)(B) of the Texas Penal Code defines a deadly weapon as "anything
that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex.
Penal Code Ann. § 1.07(a)(17)(B) (Vernon 2003). 

 In Mann v. State, Mann was prosecuted for driving while intoxicated. See Mann v. State, 13
S.W.3d 89, 90 (Tex. App.--Austin 2000), aff'd, 58 S.W.3d 132 (Tex. Crim. App. 2001). The Austin
Court of Appeals stated that to sustain a deadly weapon finding requires evidence that other people
were endangered by the defendant's use of the vehicle, and not merely a hypothetical potential for
danger if others had been present. Id. at 92. The court concluded that the finding in that case was
supported by testimony that the defendant "almost hit another vehicle head-on" when he drove across
the center line of the highway and forced an oncoming vehicle to take "evasive action." Id.

 Here, Officer Garcia testified that there were other vehicles on the road, and that Ochoa
drifted out of his lane and came "real close to striking and hitting" another vehicle. Thus, like Mann,
there is evidence in the record that there were other drivers on the road who were actually
endangered by the defendant's use of his vehicle. See id. Accordingly, viewing the evidence in the
light most favorable to the verdict, there is sufficient evidence to support the deadly weapon finding
in this instance. Ochoa's first issue is overruled. (1) 

B. Improper Jury Argument 

 Ochoa's next contention is that the State committed reversible error by encouraging the jury
to consider the existence of parole law in assessing punishment. In order to preserve a complaint on
appeal alleging an improper jury argument, the party must object to the jury argument at trial and
pursue the argument to an adverse ruling. Tex. R. App. P. 33.1; Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996). 

 In this case, when the prosecutor made the alleged erroneous argument, Ochoa objected. The
trial court responded by reiterating the charge's instruction on the law of parole. This "ruling,"
however, cannot be considered an adverse ruling for the purpose of error preservation. In Ramirez
v. State, 815 S.W.2d 636 (Tex. Crim. App. 1991), the court held that an adverse ruling "must be
conclusory; that is, it must be clear from the record the trial judge in fact overruled the defendant's
objection or otherwise error is waived." Ramirez, 815 S.W.2d at 643. Here, there was no definitive
adverse ruling against Ochoa. Thus, we believe Ochoa failed to pursue his objection to an adverse
ruling. Accordingly, we hold Ochoa's complaint concerning the improper jury argument is waived.
Ochoa's second issue is overruled.

C. Reasonable Doubt Definition 

 Ochoa's final contention is that the trial court erred by including, in the abstract portion of
the charge, the statement: "It is not required that the prosecution prove guilt beyond all possible
doubt, it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the
defendant's guilt." Ochoa timely objected to this language and asserted that the paragraph should
be eliminated from the charge. 

 When a defendant complains of charge error on appeal, we must first determine whether there
is any error in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If we
conclude there is error, we must determine if the error caused sufficient harm to warrant reversal.
Id. at 170-71. The degree of harm necessary for reversal is controlled by whether the error was
properly preserved at trial. Id. at 171. Where the defendant properly objected to the error at trial,
we reverse only if the error is "calculated to injure the rights of the defendant," which means there
must be some harm to the accused from the error. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984). In other words, a properly preserved error will call for reversal as long as the
error is not harmless. Id. In determining the degree of harm, we look to the entire jury charge, the
state of the evidence, the arguments of counsel, and any other relevant information from the entire
record. Id.

 The language objected to by Ochoa is from the Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App.1991), reasonable doubt definition. The Court of Criminal Appeals has overruled Geesa to the
extent that it requires trial courts to define reasonable doubt for the jury. Paulson v. State, 28 S.W.3d
570, 573 (Tex. Crim. App. 2000). The court has stated that "the better practice is to give no
definition of reasonable doubt at all to the jury." Id. The court further indicated that it would not
be reversible error to include the definition if both parties agreed to provide it. Id. Ochoa contends
that because the trial court included language from the Geesa definition of reasonable doubt over his
objection, the trial court committed reversible error. We disagree.


 There is a split among the appellate courts on whether including language from the Geesa
instruction in the jury charge is error. Cases holding it is not error to include language from Geesa
are: Jackson v. State, 105 S.W.3d 321, 325 (Tex. App.--Houston [14th Dist.] 2003, no pet. h.);
Fluellen v. State, 104 S.W.3d 152, 164 (Tex. App.--Texarkana 2003, no pet. h.); Minor v. State,
91 S.W.3d 824, 829 (Tex. App.--Fort Worth 2002, pet. ref'd); Brown v. State, 91 S.W.3d 353, 358
(Tex. App.--Eastland 2002, no pet.); and Carriere v. State, 84 S.W.3d 753, 759 (Tex. App.
--Houston [1st Dist.] 2002, pet. ref'd). Cases holding it is error to include language from Geesa
are: Rodriguez v. State, 96 S.W.3d 398, 405-06 (Tex. App.--Austin 2002, pet. ref'd) (holding it was
error to include language from Geesa, but such error was harmless); and Phillips v. State, 72 S.W.3d
719, 721 (Tex. App.--Waco 2002, no pet.) (holding it was error to include language from Geesa in
absence of agreement between State and defense, but such error caused no harm). 

 We have considered the analysis provided in all of the aforementioned cases and agree with
the rationale of Carriere. See Carriere, 84 S.W.3d at 759. The First District Court of Appeals in
Carriere explained: 

 According to Paulson, when the court is evaluating a jury charge for a
reasonable-doubt-definition error, we must first determine if a definition of reasonable
doubt exists in the jury charge. If not, the charge does not violate Paulson. In our
case, the trial court instructed the jury "it is not required that the prosecution prove
guilt beyond all doubt." This instruction does not lessen the State's burden of proof,
especially in light of the second sentence which correctly repeats the State's burden
that, "it is required that the prosecution's proof excludes all reasonable doubt
concerning the defendant's guilt." The charge was proper because it did not define
reasonable doubt -- it merely instructed the jury that appellant's guilt must be proved
beyond a reasonable doubt, not beyond all possible doubt. 

Id. (citations omitted). The charge language used in Carriere is identical to the language utilized in
the charge at bar. We, like our sister court, believe that the disputed language does not constitute
a definition of reasonable doubt and, therefore, does not violate Paulson. Because the charge in this
case did not give a reasonable doubt definition, we hold the trial court did not err by including such
language in the charge. See id. Consequently, Ochoa's third issue is overruled. 

Conclusion

 Having overruled each of Ochoa's issues, the judgment of the trial court is affirmed. 

 

 Catherine Stone, Justice


Publish 


1. We note that Ochoa makes a related argument that a new trial should be granted because the videotape of
the offense has been lost or destroyed, and that the videotape evidence is necessary to determine whether there is
sufficient evidence to support the deadly weapon finding. Given our disposition of this issue, this argument is
unavailing because the testimony of Officer Garcia is sufficient to support the deadly weapon finding.