Opinion issued November 10, 2005 











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00930-CR
NO. 01-04-00931-CR




BRIDGETTE ELAINE BATES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause Nos. 1220113 and 1220114




 MEMORANDUM OPINION

          Appellant, Bridgette Elaine Bates, appeals from a jury conviction of reckless
driving and failure to stop and to give information. See Tex. Transp. Code Ann. §§
545.401, 550.023 (Vernon 1999). The trial court assessed appellant’s punishment in
the failure-to-stop-and-to-give-information case at 180 days confinement in jail,
suspended for one year of community supervision, and in the reckless driving case at
two days in jail and a $200 fine. We determine whether the trial court erred by (1)
refusing to include an instruction on necessity in the reckless driving jury charge; (2)
instructing the jury that “[i]t is not required that the prosecution prove guilt beyond all
possible doubt”; (3) implicitly commenting on the weight of the evidence by giving
the necessity instruction in the failure-to-stop-and-to-give-information, but not in the
reckless driving, case; and (4) failing to instruct the jury that it had to acquit appellant
if, after considering all of the evidence, it had a reasonable doubt in the failure-to-stop-and-to-give-information case. We affirm.
Factual Background

          At about 10:00 p.m. on February 16, 2004, appellant’s car collided with Officer
Frank Saye’s personal truck. Appellant did not stop and exchange information at the
accident scene. Officer Saye was in full uniform on his way to work. He had not
tailgated appellant, and he had flashed his lights to get her attention. Officer Saye
drove five to seven car lengths behind appellant with his emergency lights flashing.
          Appellant passed several well-lit businesses after the accident. After appellant
ran a red light, Officer Saye radioed the dispatcher for assistance. Officer David
Meyers responded to the call. Appellant accelerated to over 90 miles per hour
(“mph”) on the highway, made erratic lane changes, drove on an access road at 80
mph, ran a red light and a stop sign, and made a 180-degree spin from almost having
had a head-on collision with another vehicle. 
          Appellant was arrested and charged with reckless driving and failure to stop and
to give information. In the reckless driving case, the trial court denied appellant’s
request for an instruction on the defense of necessity and included the statement that
“[i]t is not required that the prosecution prove guilt beyond all possible doubt.” When
the trial court asked counsel for appellant if he had any objections to the charge in the
failure-to-stop-and-to-give information case, counsel for appellant expressly stated
that he had none.              
Standard of Review
          When reviewing a trial court’s jury instructions, we first determine whether the
jury charge was erroneous. Nguyen v. State, 811 S.W.2d 165, 167 (Tex.
App.—Houston [1st Dist.] 1991, pet. ref’d). Error occurs when a jury charge fails to
properly apply the law to the facts. Harris v. State, 522 S.W.2d 199, 202 (Tex. Crim.
App. 1975). An erroneous jury charge does not result in the automatic reversal of a
conviction. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Not only must there be error, but a
resulting harm that requires reversal must exist. Almanza, 686 S.W.2d at 171. When
a party does not object to the court’s charge, we may not reverse unless the error was
so egregious and created such harm that the party was denied a fair and impartial trial. 
See id.
Reckless Driving
          Appellant argues that the trial court erred in the reckless driving case by
refusing the instruction on necessity and by instructing the jury that “[i]t is not
required that the prosecution prove guilt beyond all possible doubt.”
A.      Instruction on Necessity
            In point of error one, appellant asserts that the trial court erred by not including
her requested instruction to the jury on the defense of necessity. 
          A person commits reckless driving if the person drives a vehicle in willful or
wanton disregard for the safety of persons or property. Tex. Transp. Code Ann. §
545.401. Conduct that would otherwise be illegal is justified by necessity if (1) the
actor reasonably believes the conduct is immediately necessary to avoid imminent
harm; (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented
by the law proscribing the conduct; and (3) a legislative purpose to exclude the
justification claimed for the conduct does not otherwise plainly appear. Tex. Penal
Code Ann. § 9.22 (Vernon 2003). The justification of necessity is unavailable to
actors who do not admit the conduct that constitutes the charged offense. Young v.
State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999).  
          Generally, a defendant is entitled to a jury instruction on every defensive issue
raised by the evidence as long as such an instruction is properly requested. Granger
v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Reese v. State, 877 S.W.2d 328, 333
(Tex. Crim. App. 1994). If a defendant produces evidence raising each element of a
requested defensive instruction, she is entitled to the instruction regardless of the
source and strength of the evidence. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim.
App. 1996). The credibility of the evidence presented regarding the defense is
immaterial in determining whether the instruction is required. Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App. 1993). A defendant’s testimony alone is sufficient
to raise a defensive issue requiring an instruction in the jury charge. Hayes v. State,
728 S.W.2d 804, 807 (Tex. Crim. App. 1987); Thomas v. State, 678 S.W.2d 82, 84
(Tex. Crim. App. 1984).
          The State asserts that appellant was reckless because she (1) drove in excess of
the posted speed limit; (2) changed lanes unsafely; (3) ran a stop sign; and (4) ran a
red light. Officers Meyers and Saye observed appellant accelerate to over 90 mph on
Highway 59, make erratic lane changes, drive over 80 mph in a 45-mph-zone, make
a 180-degree spin, and run a stop sign and light. Appellant contended that she drove
away from the accident scene because Officer Saye was “driving crazy” and she was
scared and wanted to go somewhere safe. 
          Appellant argues on appeal that she “did not deny driving recklessly.” 
However, appellant did not admit that she drove recklessly, but, rather, maintained at
trial that she had never driven the speeds that Officers Saye and Meyers alleged. 
Appellant further testified that she had not done anything wrong and had acted under
ordinary standards of reasonableness. Because appellant did not admit to reckless
driving, she was not entitled to a jury instruction on the defense of necessity. We hold
that the trial court did not err by not instructing the jury on the defense of necessity.
          We overrule appellant’s point of error one. 
B.      Beyond-Reasonable-Doubt Instruction
          Appellant argues in point of error four that it was reversible error for the trial
court in the reckless driving case to include in the jury charge that “[i]t is not required
that the prosecution prove guilt beyond all possible doubt.” Although appellant
recognizes that this Court, in Carriere v. State, and the Court of Criminal Appeals, in
Woods v. State, rejected similar arguments, she nevertheless contends that these cases
were wrongly decided because “neither of these courts considered the confusing effect 
of the instruction on the juror who is certain that any doubt that he has must be
reasonable.” Woods v. State, 152 S.W.3d 105, 114-15 (Tex. Crim. App. 2004);
Carriere v. State, 84 S.W.3d 753, 759-60 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d).
          As an intermediate appellate court, we are duty-bound to follow the
pronouncements of the Court of Criminal Appeals on matters pertaining to criminal
law. See Southwick v. State, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.]
1985, no pet.). After the law is declared by our State’s highest criminal court, we are
not at liberty to impose a different declaration of the law. See id. at 929. We therefore
decline to hold that the trial court erred by including this sort of instruction. See
Carriere, 84 S.W.3d at 759-60.
          We overrule appellant’s point of error four.
                    Failure to Stop and to Give Information
          Appellant argues that the trial court erred in the failure-to-stop-and-to-give-information case by implicitly commenting on the weight of the evidence and by
improperly instructing the jury on reasonable doubt. 
A.      Comment on the Weight of the Evidence
          Appellant contends in point of error two that “[t]he trial court erred in
commenting on the weight of the evidence in the failure-to-stop-and-give-information 
case by refusing the necessity instruction in the reckless driving case.” Appellant
asserts that by refusing to include the necessity instruction in the reckless driving case,
the court implied that appellant did not also reasonably believe that her conduct was
necessary to avoid immediate harm in the failure-to-stop-and-to-give information case.
          A jury instruction that constitutes a comment by the court on the elements of the
alleged offense or assumes the truth of a controverted issue is a comment on the
weight of the evidence and is erroneous. See Whaley v. State, 717 S.W.2d 26, 32 (Tex.
Crim. App. 1986). Appellant’s argument that the trial court’s failure to give a
necessity instruction in her reckless driving case implicitly commented on the weight
of the evidence in the failure-to-stop-and-to-give-information case is without merit. 
We have already held that the trial court properly refused to give the necessity
instruction in the reckless driving case. Appellant cites no authority to support the
proposition that making a legally correct decision concerning the jury charge with
respect to one charged offense constitutes an improper comment on the weight of the
evidence with respect to another charged offense another charge.
          We hold that the trial court did not comment on the weight of the evidence in
the failure-to-stop-and-to-give information case by refusing the necessity instruction
in the reckless driving case. 
          We overrule appellant’s point of error two. 
 
 
B.       Instruction on Reasonable Doubt
          In point of error three, appellant complains that the jury charge in her failure-to-
stop-and-to-give-information case did not properly instruct the jury on the State’s
burden of proof. Appellant specifically complains that the trial court erred in omitting
the statement, “In the event you have a reasonable doubt as to the defendant’s guilt
after considering all the evidence before you, and these instructions, you will acquit
him and say by your verdict ‘Not guilty’.” 
          The omission of the statement sought by the appellant was not error. The jury
was instructed in the failure-to-stop-and-to-give-information charge, in part, that
[a]ll persons are presumed to be innocent and no person may be
convicted of an offense unless each element of the offense is proved
beyond a reasonable doubt. The fact that a person has been arrested,
confined, or indicted for, or otherwise charged with, the offense gives
rise to no inference of guilt at the person’s trial. The law does not require
a defendant to prove his or her innocence or produce any evidence at all. 
The presumption of innocence alone is sufficient to acquit the
defendants, unless the jurors are satisfied beyond a reasonable doubt of
the defendant’s guilt after careful and impartial consideration of all the
evidence in the case. 
 
The prosecution has the burden of proving the defendant guilty and it
must do so by proving each and every element of the offense charged
beyond a reasonable doubt and if it fails to do so, you must acquit the
defendant.

In Geesa v. State, the Court of Criminal Appeals required that the reasonable doubt
standard be defined in the charge and it adopted a federal pattern jury charge for the
definition. Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App 1991). The jury
instruction mandated by Geesa included the language in appellant’s jury charge, as
well as the language appellant complains was omitted. See Geesa, 820 S.W.2d at 572. 
Three years after Geesa, the United States Supreme Court held that the Constitution
does not require that any particular form of words be used to advise the jury of the
government’s burden of proof. Victor v. Nebraska, 511 U.S. 1, 1, 114 S. Ct. 1239,
1243 (1994). In Paulson v. State, the Court of Criminal appeals overruled th portion
of Geesa mandating a reasonable doubt definition. Paulson v. State, 28 S.W.3d 570,
573 (Tex. Crim. App. 2000). 
          The Court of Criminal Appeals has held that, when reviewing alleged errors in
the jury charge, “the charge must be read as a whole, and the review thereof must not
be limited to any part standing alone.” Inman v. State, 650 S.W.2d 417, 419 (Tex.
Crim. App. 1983); see also Jones v. State, 859 S.W.2d 537, 543-44 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d). The charge, reviewed as a whole,
properly informed the jurors of the “reasonable doubt” standard. Furthermore,
appellant cites no authority to support the proposition that these words specifically
must be included. Accordingly, we hold that the trial court did not err.
          We overrule appellant’s point of error three.
 
                                                              Conclusion
          We affirm the judgment of the trial court.
                                                                                                                                     
 
                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. See Tex. R. App. P. 47.2(b).