Opinion filed December 15, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 15, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00132-CR 

                                                    __________

 

                         MICHAEL MOHAMMED ELAWAR, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. D-30,999

 



 

                                                                   O
P I N I O N

 

The jury convicted Michael Mohammed Elawar of
unauthorized use of a vehicle and assessed his punishment at confinement in a
state jail facility of the Texas Department of Criminal Justice for a term of
180 days.  Appellant raises two points of
error on appeal.  We affirm.








Charles Edward Shelton Jr., the owner of Apple
Electrical Contractors in Odessa, testified that the gate to the business=s equipment yard appeared to have been
left open when he arrived to work during the early morning hours of June 24,
2003.  He subsequently determined that
someone had driven through the gate.  He
also discovered that a one-ton Chevrolet pickup owned by the business had been
taken from the yard.  The vehicle had a
utility bed and several markings bearing the name AApple
Electrical Contractors.@

A computer check conducted by Deputy Houston
Hester of the Ector County Sheriff=s
Department revealed that the vehicle had been stopped in the early morning
hours of June 24, 2003,  in Hobbs, New
Mexico.  Patrolman Byron Wester of the
New Mexico State Police testified that he stopped the vehicle at approximately
1:00 a.m. Mountain Time on June 24, 2003, for a taillight violation.[1]  Appellant was driving the vehicle at the time
of the stop.  Patrolman Wester issued
citations to appellant for not having taillights and for not having a valid
driver=s
license.  Patrolman Wester subsequently
recovered the vehicle from appellant=s
residence in Hobbs later that day.

Appellant testified on his own behalf at
trial.  He stated that he, his wife, and
two of their children traveled to Odessa from Hobbs on June 23, 2003, to pay some
bills.  Appellant and his wife had an
argument as they began to leave Odessa for the return trip to Hobbs that
evening.  As a result of the argument,
appellant got out of their car. 
Appellant testified that he walked to Earl=s
Lounge while his wife and children drove to Hobbs in their car.  He stated that a man at the bar named AFabian@
loaned him the vehicle to drive to Hobbs. 
He further testified that another man robbed him of his pants prior to
his departure for Hobbs.








In his first point of error, appellant contends
that the trial court erred in allowing evidence to be admitted that appellant
was not wearing pants when Patrolman Wester stopped him in Hobbs.  He argues that this evidence was not relevant
to the issue of guilt.  A trial court=s decision to admit or exclude evidence
is reviewed under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615
(Tex. Crim. App. 2001). An appellate court will not reverse a trial court=s ruling unless that ruling falls
outside the zone of reasonable disagreement. Burden, 55 S.W.3d at
615.  Evidence is relevant if it has any
tendency to make the existence of a fact of consequence to the determination of
the action more or less probable than it would be without the evidence.  Tex.
R. Evid. 401.            The
evidence regarding appellant=s
lack of attire consisted of the officer=s
oral testimony at trial and a videotape depicting the officer=s stop of the vehicle.  When Patrolman Wester asked appellant why he
was not wearing any pants, he replied by saying that it was Aa long story.@  Patrolman Wester did not issue a citation to
appellant for not wearing pants because he was not visible by others while
inside of the vehicle.  The videotape
lasted approximately thirty minutes in length.[2]  It contained most of the dialogue between
Patrolman Wester and appellant, including the discussion regarding his lack of
attire.  At one point late in the stop,
Patrolman Wester requested appellant to exit the vehicle for the purpose of
conducting a field sobriety test.  The
videotape depicted the fact that appellant was not wearing any pants.  However, the videotape did not reveal any
portions of appellant=s
body which would be considered offensive under the Penal Code.  See 
Tex. Pen. Code Ann. ' 42.01(a)(10) (Vernon Supp. 2005).

We disagree with appellant=s
relevancy contention.  The general rule
in Texas is that the State is entitled to show the circumstances surrounding an
arrest.  Maddox v. State, 682
S.W.2d 563, 564 (Tex. Crim. App. 1985). 
However, when such evidence is inherently prejudicial and has no
relevance to any issue in the case, the general rule does not apply.  Maddox, 682 S.W.2d at 564.  As a 
circumstance related to his use of the pickup, appellant=s lack of attire was relevant to the
question of whether or not his use of the vehicle was or was not
authorized.   The evidence from Patrolman
Wester and the videotape actually bolstered appellant=s
version of what transpired after he and his wife parted ways in Odessa.  The audio portion of the videotape was
particularly relevant because it contained evidence that appellant had driven
from Odessa, the county seat of Ector County.   
The audio portion of the videotape was also relevant to the extent that
appellant made no mention to Patrolman Wester about  borrowing the pickup from a friend or being
robbed of his pants.  To the contrary,
appellant told Patrolman Wester that he had been working in Odessa.  The trial court=s
decision to admit this evidence did not fall outside of the zone of reasonable
disagreement.  Appellant=s first point of error is overruled.








In his second point of error, appellant complains
of a charging error which he preserved at trial.  When a defendant complains of charge error on
appeal, we must first determine whether there is any error in the jury charge. Hutch
v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  If we conclude that there is error, we must
determine if the error caused sufficient harm to warrant reversal. Hutch v.
State, supra at 170‑71. 
The degree of harm necessary for reversal is controlled by whether the
error was properly preserved at trial.  Hutch
v. State, supra at 171.  Where
the defendant properly objected to the error at trial, we reverse only if the
error is Acalculated
to injure the rights of the defendant,@
which means that there must be some harm to the accused from the error.  Tex.
Code Crim. Pro. Ann. art. 36.19 (Vernon 1981); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

The trial court submitted the following
instruction to the jury:

It is not required that the prosecution prove
guilt beyond all possible doubt; it is required that the prosecution=s proof excludes all Areasonable doubt@
concerning the Defendant=s
guilt.

 

Appellant requested the trial court to include the words Athat is, doubt that is based upon
speculation or fancy,@
into the instruction so that it would provide as follows:  

It
is not required that the prosecution prove guilt beyond all possible doubt, that
is, doubt that is based upon speculation or fancy.  It is required that the prosecution=s proof excludes all Areasonable doubt@
concerning the Defendant=s
guilt.  (Emphasis added)

 

Appellant contends that without the addition of
the words he requested the jury was permitted to convict him while still having
a doubt as to the State=s
proof of the elements of the crime.  We
disagree.  The First Court of Appeals
approved the use of the exact instruction given in this case in Carriere v.
State, 84 S.W.3d 753, 759 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d).  The court stated as follows in Carriere:

[T]he
trial court instructed the jury Ait
is not required that the prosecution prove guilt beyond all doubt.@ 
This instruction does not lessen the State=s
burden of proof, especially in light of the second sentence which correctly
repeats the State=s burden
that, Ait is
required that the prosecution=s
proof excludes all reasonable doubt concerning the defendant=s guilt.@  The charge was proper because it did not
define reasonable doubt‑‑it merely instructed the jury that
appellant=s guilt
must be proved beyond a reasonable doubt, not beyond all possible doubt.

 








We agree with the court=s
rationale in Carriere.  The
submission of this instruction did not constitute error.  See O=Canas
v. State, 140 S.W.3d 695, 702 (Tex. App.CDallas
2003, pet. ref=d); Ochoa
v. State, 119 S.W.3d 825, 828-29 (Tex. App.CSan
Antonio 2003, no pet.); Torres v. State, 
116 S.W.3d 208, 211-12 (Tex. App.CEl
Paso 2003, no pet.); Minor v. State, 91 S.W.3d 824, 828‑29 (Tex.
App.CFort
Worth 2002, pet. ref=d);
Carriere, 84 S.W.3d at 759. 
Appellant=s second
point of error is overruled.

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

December 15, 2005

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and McCloud, S.J.[3]











     [1]Shelton
testified that the utility bed on the stolen vehicle had recently been
installed.  The taillights to the vehicle
were not operational because the installation had not yet been completed.





     [2]Patrolman
Wester=s stop of appellant was delayed by the difficulty
Patrolman Wester had in confirming appellant=s
identity.





     [3]Austin
McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at
Eastland sitting by assignment.