Opinion filed January 17, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 17,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00179-CV 

                                                    __________

 

                                          IN THE MATTER OF T.F.

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                     Trial
Court Cause No. 5533

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This
is an appeal from a judgment adjudicating a juvenile of delinquent conduct. 
The jury found that T.F. engaged in delinquent conduct by committing an assault
on a public servant.  The trial court committed T.F. to the Texas Youth
Commission for an indeterminate period of time not to exceed his twenty-first
birthday.  T.F. challenges the sufficiency of the evidence to sustain his
conviction.  Because we find that the evidence is legally and factually
sufficient, we affirm.

                                                               Background
Facts








T.F.
was a ninth grade student at Midland Freshman[1]
and was assigned to the Midland Independent School District=s Alternative Education
Program (AEP) for disciplinary reasons.  T.F. and a second student got into a
fight in the AEP classroom one morning.  The AEP teacher, Chris Brian, called
security.  MISD Police Officer Guadalupe Sanchez, MISD Security Officer James
Callow, and Midland Freshman Assistant Principal Jay Leeper responded.  The
adults began separating students.  Officer Callow secured T.F.  They struggled
because T.F. attempted to continue fighting with the second student.  During
this struggle, T.F. hit Officer Callow in the throat with a forearm or elbow.

                                                                         Issues

T.F.
challenges his conviction with two issues.  T.F. contends that the evidence is
legally insufficient because there was no evidence that Officer Callow was a
public servant lawfully discharging an official duty.  T.F. also contends that
the evidence is factually insufficient to establish that Officer Callow
suffered bodily injury.

                                                              Standard
of Review

In
order to determine if the evidence is legally sufficient, we must review all of
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we review all of the evidence in a neutral
light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407‑08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then we determine whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414‑15; Johnson, 23 S.W.3d at 10‑11.

                                                                        Analysis

Was
Officer Callow a Public Servant Discharging an Official Duty?








A
person commits an assault if he intentionally, knowingly, or recklessly causes
bodily injury to another.  Tex. Penal
Code Ann. '
22.01(a) (Vernon Supp. 2007).  The offense level is enhanced if the assault is
committed against Aa
person the actor knows is a public servant while the public servant is lawfully
discharging an official duty.@ 
Tex. Penal Code Ann. ' 22.01(b)(1) (Vernon Supp.
2007).  Public servants include officers, employees, or agents of government.  See
Carriere v. State, 84 S.W.3d 753, 757 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (HISD police officer is
a public servant).  T.F. argues that the State did not carry its burden because
there was no evidence that Officer Callow was a public servant.  T.F.
acknowledges that Officer Callow testified that he worked for MISD, but T.F. contends
that the State was required to specifically prove that MISD was a governmental
entity.

No
witness testified that MISD stands for Midland Independent School District, but
there was sufficient evidence that Officer Callow was a public servant and was struck
by T.F. while discharging an official duty.  T.F. testified that he was a ninth
grade student at Midland Freshman. Officer Callow testified that he is employed
by MISD and that he works at Midland Freshman as a security officer.  His job
duties include monitoring student welfare and breaking up fights on campus. 
Brian testified that he is the Midland Freshman AEP and interschool suspension
teacher.  AEP is for students who are in trouble and need to be removed from a
regular classroom.  Interschool suspension is for minor infractions such as
excessive tardies.  T.F. was assigned to Brian=s
AEP class.

When
a student is placed in AEP or interschool suspension, his teachers send
assignments to Brian.  He works with the students to make sure that they get
their school work, and he tutors them as needed to help them maintain their
grades.  T.F. and a second student had been having words for a couple of days. 
Brian sent T.F. to talk to a school counselor in hopes of avoiding conflict. 
When T.F. returned from counseling, he went to his desk, set down his school
materials, and then walked to the second student=s
desk.  The two started fighting, and Brian requested assistance on the radio
frequency utilized by MISD police and security officers.  MISD Police Officer
Sanchez and Security Officer Callow responded.  They were joined by Assistant
Principal Leeper.  Officer Callow testified that T.F. struck him in the throat
while Officer Callow was trying to stop the fight.








We
believe that a rational juror would have known that MISD was the Midland
Independent School District and that Midland Freshman was a public high
school.  Also, a rational juror could have determined that T.F. was involved in
a fight while at school, that a school security officer was required to assist
T.F.=s teacher break
up that fight, and that the officer was struck while doing so.  T.F.=s assignment to an AEP
classroom is evidence that he was attending a public school.  The repeated
references to Officer Sanchez as an MISD Police Officer is further evidence
that MISD is a governmental entity.  The evidence is legally sufficient to
establish that Officer Callow was a public servant discharging an official duty
at the time of the altercation.  T.F.=s
first issue is overruled.

Did
Officer Callow Suffer Bodily Injury?

T.F.
next argues that the evidence is factually insufficient because there was
insufficient evidence that Officer Callow sustained bodily injury.  Tex. Penal Code Ann. ' 1.07(a)(8) (Vernon
Supp. 2007) defines bodily injury as: Aphysical
pain, illness, or any impairment of physical condition.@  T.F. admitted struggling with Officer Callow
but denied striking him.  Officer Callow testified that, during their struggle,
T.F. hit him in the throat.  Officer Callow did not feel anything at first, but
after things calmed down, his neck was red and sore.  He compared it to a sore
throat. 

T.F.
contends that more is required to establish bodily injury.  We note that Tex. Penal Code Ann. ' 1.07 (Vernon Supp. 2007)
separately defines Abodily
injury@ and Aserious bodily injury,@[2]
that Tex. Penal Code Ann. ' 22.01 (Vernon Supp. 2007)
only requires proof of bodily injury, and that bodily injury includes physical
pain.  Courts have held that this encompasses even relatively minor physical
contacts so long as they are more than mere offensive touching.  See Lane v.
State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).  Officer Callow=s testimony that his neck
was red and sore is evidence of physical pain and, thus, is evidence of bodily
injury.








The
jury=s verdict
indicates that it believed Officer Callow and not T.F.  This decision is not
against the great weight and preponderance of the evidence.  The extent of T.F.
and Officer Callow=s
struggle was confirmed by both Brian and Officer Sanchez.  Brian testified that
T.F. strenuously resisted Officer Callow and that they broke a pole during
their struggle.  Officer Sanchez testified that Officer Callow had his hands
full because T.F. was not cooperating and was fighting with him.  The jury is
the sole judge of the credibility of the witnesses and the weight to be given
to their testimony.  Jones v. Tarrant Util. Co., 638 S.W.2d 862, 866
(Tex. 1982).  The jury may choose to believe all, some, or none of a witness=s testimony, Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), and is responsible for
resolving any conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  Because the jury=s decision reflects a resolution of
conflicting evidence, the verdict is not based upon factually insufficient
evidence.  T.F.=s
second issue is overruled.

                                                                         Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

January 17, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]The witnesses
referred to the school as Midland Freshman.  The school=s assistant principal, Jay Leeper, testified that the
school=s name is Midland Freshman High School.  We will refer
to the school by its common name, Midland Freshman.





     [2]The
statute defines serious bodily injury as Abodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.@  Section
1.07(a)(46).