

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0314–18

**JEREMY CUEVAS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
BEE COUNTY**

**KEEL, J., delivered the unanimous opinion of the Court.**

## O P I N I O N

The court of appeals reversed Appellant's conviction for assault on a peace officer.

*Cuevas v. State*, No. 13-16-00220-CR, 2018 WL 1193029 at *4 (Tex. App.—Corpus

Christi–Edinburg March 8, 2018) (mem. op., not designated for publication). It held that

the evidence was insufficient to show that the complainant was discharging an official

duty when he was assaulted. *Id*. We granted the State's petition for discretionary review

to decide whether a peace officer working as private security is discharging an official

duty when he is acting under Texas Alcoholic Beverage Code Section 101.07.[1]  We hold that the evidence was legally sufficient to show that the complainant was discharging an official duty when Appellant assaulted him.  We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Evidence is legally sufficient to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Johnson v. State*, 364 S.W.3d 292, 293-94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*).  Assault of a public servant requires proof of misdemeanor assault and that (1) the complainant was a public servant; (2) the actor knew that the complainant was a public servant; (3) the complainant was discharging an official duty when he was assaulted; and (4) the official duty was being discharged lawfully.  *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005) (citing TEX. PENAL CODE § 22.01(b)(1)).  The only issue here is whether the complainant was discharging an official duty.

The evidence showed that the complainant, a Bee County constable, was moonlighting in his constable uniform as a security guard for a wedding reception at The Grand, a licensed liquor establishment.  The complainant's twin brother, Clinton Bagwell ("Clinton"), a part-time employee of The Grand, was working at the same event.  The

---

[1]Throughout the remainder of this opinion unless otherwise noted "Section" refers to the Texas Alcoholic Beverage Code.

complainant and Clinton were tasked with ensuring that customers followed The Grand's rules. One of those rules prohibited customers from taking alcohol outside the premises; that rule was necessary in order to protect The Grand's beer and liquor licenses.

Appellant, a member of the wedding party, kept breaking the rule, and Clinton kept telling him not to. The third time Appellant broke the rule, Clinton summoned the complainant and together they followed Appellant outside and told him that he could not re-enter The Grand. Appellant, however, tried to push past them, jumped on the complainant, and knocked him down. The complainant testified that at the time of the assault he was "trying to keep the peace and keep the rules of the establishment intact" and that he was enforcing the law by preventing Appellant from re-entering The Grand.

The court of appeals held that the evidence was legally insufficient to show that the complainant was discharging an official duty. *Cuevas*, 2018 WL 1193029 at *4. The court reasoned that "the evidence establishes only that Bagwell confronted appellant at the request of a Grand employee and that he was denying appellant re-entry in his capacity as a Grand security guard." *Id*. at *3. It emphasized that the complainant was enforcing a "house rule" against Appellant and not trying to arrest him. *Id*. Although the court of appeals acknowledged Section 28.10(b) as the statutory basis for the house rule, it discounted it because Appellant would not have been criminally liable for violating it. *Id*. at *3 n.4.

The State points out that Section 101.07 requires peace officers to enforce the

provisions of the Texas Alcoholic Beverage Code. One of those provisions prohibits mixed beverage permit holders from allowing customers to take drinks off premises. TEX. ALCO. BEV. CODE § 28.10(b). The State concludes that a peace officer working private security who enforces Section 28.10(b) is lawfully discharging an official duty. We agree.

By enforcing Section 28.10(b) as required by Section 101.07, the complainant was discharging an official duty. It is immaterial that he was also enforcing a house rule, that he was not trying to arrest Appellant, and that Appellant was not subject to prosecution for violating Section 28.10(b) or any other law. A peace officer may discharge an official duty even if it is also a private duty, and a person may be liable for assault on a public servant even if he is not subject to arrest for some other crime when he commits the assault. *See* TEX. PENAL CODE § 22.01(b)(1).

Appellant maintains that the complainant was not discharging an official duty because he "never took law enforcement action" and chose not to enforce Section 28.10(b) but instead had the bride's father intervene with Appellant about following the house rule. The testimony he cites, however, relates to Clinton rather than the complainant.

The evidence showed that the complainant was enforcing Section 28.10(b) when Appellant jumped on him. Texas peace officers are bound by statute to enforce the provisions of the Alcoholic Beverage Code. TEX. ALCO. BEV. § 101.07 ("All peace

officers in the state, including those of cities, counties, and state, shall enforce the provisions of this code and cooperate with and assist the commission in detecting violations and apprehending offenders.").  The evidence was therefore sufficient to show that the complainant was discharging an official duty when Appellant assaulted him.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: June 26, 2019

Publish