**Opinion filed August 20, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00210-CR

_____

## RUDY CARRION A/K/A RUDY LOZA CARRION, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26533A**

### M E M O R A N D U M   O P I N I O N

Rudy Carrion a/k/a Rudy Loza Carrion was charged by indictment with assault on a public servant by kicking Abilene Police Officer Bradley Hambright about the arm and leg. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2019). Appellant pleaded not guilty and proceeded to trial before a jury, which found him guilty of the charged offense. After Appellant entered pleas of not true to two punishment enhancement paragraphs, the jury found that the enhancement

allegations were true and assessed Appellant's punishment at confinement for a term of twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly. In his sole issue on appeal, Appellant complains that the evidence is not sufficient to prove that he acted intentionally, knowingly, or recklessly when he kicked Officer Hambright. We affirm the judgment of the trial court.

*Background Facts*

Officer Hambright is a patrol officer with the Abilene Police Department. On September 20, 2015, Officer Hambright was on duty when he responded to a report of a disturbance in progress and found Appellant hugging or grabbing Dianna Perez in the street. Perez's shirt was torn, and Appellant appeared to be intoxicated.

Officer Hambright addressed Appellant and, for officer safety, ordered him to remove his hands from his pockets. Appellant initially complied with Officer Hambright's directive, but after Appellant placed his hands back in his pockets and failed to comply with Officer Hambright's order to show his hands, Officer Hambright detained and handcuffed Appellant. During this encounter, another officer, Jessica Watkins, arrived and assisted Officer Hambright. Appellant was irate, used profanities when speaking, and yelled. Officer Hambright eventually arrested Appellant, and before Officer Hambright placed Appellant in the patrol vehicle, Appellant told him, "I'm going to remember you today, tomorrow, and the next day."

The camera mounted on the dash of Officer Hambright's patrol vehicle recorded video and audio during the encounter. The recording was admitted into evidence and published to the jury. Visually, the recording shows that Officer Hambright was wearing his uniform and shows his encounter with Appellant until the moment that Officer Hambright escorted Appellant to the side of the patrol vehicle to place him in the backseat, which was out of the camera's view. As

2

Officer Hambright listened to the portion of the recording being played at trial, he identified the sound of a scuffle as the moment when Appellant had kicked him on two occasions in the left arm and leg and caused him pain. He agreed that he could be heard warning Appellant, "You're gonna get sprayed." Officer Hambright explained that he gave Appellant this warning about pepper spray as a means to stop Appellant's assault on him. Officer Hambright felt that Appellant's kicks were intended to harm him.

Officer Watkins testified that she was on patrol duty on September 20, 2015, and responded to a disturbance with an injured subject. When Officer Watkins arrived, she saw Officer Hambright, Appellant, and Perez. Officer Watkins testified that she heard Officer Hambright instruct Appellant twice to keep his hands out of his pockets. After Appellant returned his hands to his pockets, Officer Watkins assisted Officer Hambright cuff Appellant's hands for officer safety. While Officer Watkins spoke with Perez, she observed that Perez's shirt was ripped and that her arms bore scrape marks. Officer Watkins determined that Appellant had committed assault family violence against Perez and signaled to Officer Hambright that it was proper to arrest Appellant. Officer Watkins accompanied Officer Hambright as he escorted Appellant to the backseat of the patrol vehicle, where she observed Appellant kick Officer Hambright. Officer Watkins went to the passenger side to assist Officer Hambright in securing Appellant with a seat belt and observed Appellant kick Officer Hambright again.

At trial, Officer Watkins identified a sound on the recording that occurred when Appellant first kicked Officer Hambright in the arm. She said to Appellant, "Knock it off." She heard Appellant say, "You already sprayed me," followed by Officer Hambright's warning, "You're gonna get sprayed." She clarified that Officer Hambright did not use the pepper spray on Appellant until after Appellant kicked Officer Hambright. Officer Watkins observed Appellant kick

Officer Hambright no less than twice, once to Officer Hambright's arm and the other to his leg "in the front area." Officer Watkins testified that Appellant was not having trouble getting into the vehicle and that she saw Appellant lean back, pull up his legs, and intentionally kick Officer Hambright with both feet as Officer Hambright was attempting to buckle Appellant's seat belt.

*Analysis*

In his sole issue on appeal, Appellant complains that the evidence is insufficient to prove that he acted intentionally, knowingly, or recklessly when he kicked Officer Hambright. Appellant suggests that his "kicking of the officer was [merely] . . . a reaction to being pepper-sprayed." He argues that there was conflicting testimony regarding the number of times that Officer Hambright sprayed Appellant with pepper spray and also suggests that Officer Hambright's remark that he was going to spray Appellant, along with Appellant's statement, "You already sprayed me," indicates that Appellant was sprayed before he kicked Officer Hambright. Appellant also suggests—but does not argue—that the evidence fails to prove that Appellant did not act in self-defense. We note that self-defense was not raised at trial or submitted to the jury.

Evidence is sufficient to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cuevas v. State*, 576 S.W.3d 398, 399 (Tex. Crim. App. 2019) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). We consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the trier of fact resolved the conflicts in favor of the State and defer to that determination.

4

*Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013) (citing *Clayton*, 235 S.W.3d at 778).

Assault of a public servant requires proof of misdemeanor assault and proof that (1) the complainant was a public servant, (2) the actor knew that the complainant was a public servant, (3) the complainant was discharging an official duty when he was assaulted, and (4) the official duty was being discharged lawfully. PENAL § 22.01(b)(1); *Cuevas*, 576 S.W.3d at 399; *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). The term "public servant" includes a police officer. *See Carriere v. State*, 84 S.W.3d 753, 757 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *McCoy v. State*, 932 S.W.2d 720, 723 (Tex. App.—Fort Worth 1996, pet. ref'd). The indictment alleged that Appellant "intentionally, knowingly, and recklessly cause[d] bodily injury to BRADLEY HAMBRIGHT by kicking him on or about the leg and arm"; that Appellant knew that Officer Hambright was a public servant, to-wit: a police officer with the Abilene Police Department; and that Officer Hambright was lawfully discharging an official duty, to-wit: attempting to detain Appellant.

Appellant argues on appeal that the State failed to prove the culpable mental state necessary to establish that Appellant committed the assault element of the charged offense. *See* PENAL § 6.03(a)–(c) (West 2011). A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. *Id.* § 22.01(a)(1). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b). And "[a] person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct

or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c). "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

The jury may infer intent or knowledge from any facts tending to prove its existence, including the defendant's acts, words, and conduct at the time of the offense. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982). The record shows that Officer Hambright arrived in a police patrol vehicle and was wearing his uniform when he encountered Appellant. Except for Appellant's initial compliance, the dashcam recording shows that Appellant was noncompliant with Officer Hambright's orders to keep his hands out of his pockets, was belligerent, and warned Officer Hambright that he would remember him. Officer Hambright identified a scuffling sound on the recording that occurred at the time Appellant kicked him. He also testified that Appellant had kicked him twice—on the arm and leg—as he attempted to place Appellant in the rear of the patrol vehicle and that, in accordance with department policy, he sprayed Appellant with pepper spray to reduce Appellant's violence. Officer Hambright believed that Appellant had kicked him with the intent to cause harm. Officer Watkins had observed Appellant lean back, pull up his legs, and kick Officer Hambright—intentionally and no less than twice—with both feet while the officers attempted to buckle Appellant's seat belt. In addition to the testimony, the jury saw and heard the dashcam recording.

Viewed in a light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Appellant intentionally, knowingly, or recklessly caused bodily injury to Officer Hambright, a public servant

6

who was discharging an official duty.  The evidence is sufficient to support the jury's verdict.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


August 20, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.