**Affirmed and Memorandum Opinion filed April 7, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00076-CR

### ANTHONY EARL FOREMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1628330**

## MEMORANDUM OPINION

Appellant Anthony Earl Foreman appeals his conviction for assault of a peace officer. *See* Tex. Penal Code § 22.01(b)(1). In a single issue on appeal appellant challenges the trial court's admission into evidence of an outstanding warrant. We affirm.

### BACKGROUND

Officer Clinton Brown, a Nassau Bay police officer, was called to a motel in

Harris County on a civil disturbance call. The source of the disturbance was that appellant's mother had been locked out of her motel room. The motel staff attempted to let appellant's mother back into her room but the safety latch on the door was engaged. Officers verified that appellant's mother was the only name listed on the rental agreement with the motel and began knocking on the door trying to get appellant to open the door. After several attempts at knocking, appellant opened the motel room door.

Brown asked appellant his name and date of birth, which appellant provided. Brown then relayed the information to his dispatch to determine whether appellant had any outstanding warrants. Dispatch informed Brown that appellant had an active warrant. Based on the outstanding warrant Brown placed appellant into custody and attempted to transfer him from the motel room to his patrol car.

Appellant resisted being handcuffed while in the motel room but was eventually handcuffed. After being handcuffed, while outside the motel room, appellant began to resist arrest and pull away from the officers. As the officers and appellant were walking down a stairwell toward the car appellant began to kick and pull away from the officers. Appellant also tried to "head-butt" the officers. Brown described appellant as agitated and angry and perceived appellant's actions as intentional.

After a struggle in the stairwell officers managed to secure appellant in the patrol car. After appellant was secured in a seatbelt in the patrol car, he kicked the driver's side rear door and window breaking the window and the interior door handle. After appellant damaged Brown's patrol car, Brown called for assistance to transport appellant. Sergeant Arturo Cruz of Harris County Precinct 8 responded bringing another patrol car in which to transport appellant to the Harris County Jail. Brown explained that they were unable to safely transport appellant in his patrol car

with a broken rear window.

Cruz and one of his deputies escorted appellant from the back of Brown's car to the back of the Precinct 8 car. While the officers were making this transfer appellant kicked Cruz in the head. After a struggle the officers were able to secure appellant in the Precinct 8 car.

A recording from Brown's body-worn camera was admitted into evidence and played for the jury. Brown testified that he placed appellant in handcuffs for officer safety after receiving information from dispatch that appellant had an outstanding warrant. The video showed appellant breaking Brown's patrol car window and door handle. Appellant was eventually transported to the Harris County Jail in the Precinct 8 car.

Sergeant Cruz testified that he is a Harris County Precinct 8 nightshift patrol officer. Cruz testified that executing a warrant and transporting a person were official duties of a peace officer. Appellant did not willingly get into Cruz's car. Cruz and other officers eventually were able to get appellant to sit down in the backseat and tried to get his legs in the car so they could close the door. While Cruz was trying to get appellant in the car appellant "placed his legs into the back of the vehicle and began to kick." Appellant kicked Cruz in the chest and in the face.

The jury convicted appellant of assault of a peace officer and the trial court assessed punishment at 13 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In a single issue on appeal appellant contends the trial court abused its discretion in admitting evidence of a warrant for appellant's arrest in violation of Texas Rule of Evidence 403.

## ANALYSIS

After jury selection and before opening statements appellant raised an "oral motion in limine" asking the trial court to exclude evidence that appellant had an open warrant at the time he was taken into custody. Appellant admitted the relevance of the evidence but argued it was not admissible under Rule 403 because the undue prejudice substantially outweighed the probative value of the evidence. The State responded arguing that it would proceed by referencing the parole warrant as a simple arrest warrant omitting the details of the warrant, which included the fact that appellant was on parole for a similar offense. The State explained that reference to the warrant was probative to establish an element of the offense, i.e., that the officer was in performance of an official duty at the time of the offense. Appellant argued the officers were in performance of their official duties because they attempted to subdue appellant while he resisted arrest and Cruz was assaulted while transporting appellant on the warrant.

The trial court noted that the evidence was of probative value to prove an element of the offense, i.e., that at the time of the assault the officer was lawfully discharging an official duty. After a thorough hearing, the trial court found that even though the evidence was prejudicial the probative value was not substantially outweighed by the danger of unfair prejudice. The trial court explained that the jury was entitled to hear the reason for appellant's continued detention and transportation to the Harris County Jail. The trial court offered to give the jury a limiting instruction on the evidence of the warrant, but appellant, for strategic reasons, declined.

On appeal appellant asserts the trial court abused its discretion in admitting evidence of the warrant. The State responds that appellant failed to preserve error for appeal and that, if he did, the evidence was admissible.

## I.     Appellant preserved error for appeal.

Initially, the State argues appellant failed to preserve error on the admission of the warrant evidence because he relied on his motion in limine and failed to make a contemporaneous objection at the time the evidence was admitted.

Texas Rule of Appellate Procedure 33.1 governs the preservation of appellate complaints. To preserve error for appellate review under Rule 33.1(a), the record must show that: (1) the complaining party made a timely and specific request, objection, or motion; and (2) the trial court either ruled on the request, objection, or motion, or refused to rule and the complaining party objected to that refusal. Tex. R. App. P. 33.1. If, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. A proper objection is one that is specific and timely. *Id*. Further, with two exceptions, the law in Texas requires a party to continue to object each time inadmissible evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury. *Id*. This second exception noted in *Martinez* is found in Texas Rule of Evidence 103(b), which provides, in part, that "[w]hen the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (quoting Tex. R. Evid. 103(b)).

In this case, the parties dispute whether the trial court heard appellant's motion in limine request or whether it held a hearing outside the presence of the jury and ruled on the admission of the evidence. We hold under these circumstances there was an objection and hearing held outside the presence of the jury.

While appellant called his objection an "oral motion in limine," appellant's motion actually sought to exclude evidence of the warrant. A "true motion in limine" as described by the Court of Criminal Appeals is one in which the defendant merely requests that the State not be permitted to mention particular evidence, not that the evidence should be excluded. As the court stated:

> The purpose of a motion in limine is to prevent particular matters from coming before the jury. It is, in practice, a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial. This is because it may not be enforced to exclude properly admissible evidence.

*Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975).

Our sister court has held that when a defendant makes a Rule 403 objection before opening statements, a trial court's ruling that it is "going to allow" the evidence constitutes a ruling under Rule 103(b). *Smith v. State*, 424 S.W.3d 588, 593 (Tex. App.–Texarkana 2013, no pet.) (citing *Geuder*, 115 S.W.3d at 13; *Martinez*, 98 S.W.3d at 193; *Ethington v. State*, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991)). Here, the trial court heard argument from both sides and determined it would admit evidence of the warrant absent reference to the specifics of the warrant. The trial court even offered a limiting instruction. We agree with our sister court and hold in this case that appellant's objection to admission of the evidence of a warrant, although mislabeled a motion in limine, was preserved. *See Ethington*, 819 S.W.2d at 858 ("[w]hen the court, out of the jury's presence, hears and overrules objections to evidence, those objections need not again be made before the jury when the evidence actually is presented to the jury"); *see also Geuder*, 115 S.W.3d at 13 n.10 (although the grant or denial of a true motion in limine does not preserve an issue

6

for appellate review, the denial of a motion to exclude evidence, regardless of its mislabeling, was an adverse final ruling that preserved error for appeal).

## II. The trial court did not abuse its discretion in admitting evidence of the warrant.

As described above Brown testified that after he made initial contact with appellant, he gave appellant's name to dispatch and learned that appellant had an "active warrant." Brown testified that he placed appellant in custody on the warrant. Cruz testified that executing a warrant is an official duty of a peace officer.

"We review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard." *Seidule v. State*, 622 S.W.3d 480, 489 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (quoting *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018)). A trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement. *Gonzalez*, 544 S.W.3d at 370. We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *Seidule*, 622 S.W.3d at 489.

To be admissible, a trial court must first determine that the evidence is relevant. *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016). Relevant evidence is any evidence that has a tendency to make a fact more or less probable than it would be without the evidence that is also of consequence in the action. Tex. R. Evid. 401. Rule 403 provides that relevant evidence may nonetheless be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. Using these factors, "Rule 403 requires

exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001). Rule 403 favors the admission of relevant evidence, and we presume that the probative value of relevant evidence exceeds any danger of unfair prejudice. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

> When undertaking a Rule 403 analysis, a trial court must balance:
>
> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The first two *Gigliobianco* factors focus on the probative force of and the State's need for the evidence. *See Garcia v. State*, 630 S.W.3d 264, 269 (Tex. App.—Eastland 2020, no pet.). A trial court assesses the need for the evidence by asking the following questions: "Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show? . . . And is the fact of consequence related to an issue that is in dispute?" *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991).

Assault of a public servant requires proof of misdemeanor assault and that (1) the complainant was a public servant; (2) the actor knew that the complainant was a public servant; (3) the complainant was discharging an official duty when he was assaulted; and (4) the official duty was being discharged lawfully. *Cuevas v. State*,

576 S.W.3d 398, 399 (Tex. Crim. App. 2019); Tex. Penal Code § 22.01(b)(1).

Here, evidence of the warrant was probative to put the offense in context and explain to the jury why appellant was being transported rather than released after the initial encounter ended. By the time Cruz arrived to transport appellant, the initial reason for the call to the motel room had ended. The reason appellant was being transported to jail was because he had an outstanding warrant. Therefore, the proponent—the State—did not have other available evidence to show why appellant was being transported or why he had to be transported in a second car. The fact of consequence related to the evidence was an element of the offense—officer in lawful discharge of an official duty.

Appellant argues that the State could have used a different theory, i.e., resisting arrest, to establish that Cruz was discharging an official duty at the time appellant kicked him in the face. Appellant does not acknowledge, however, that appellant was arrested on the outstanding warrant. A person commits the offense of resisting arrest if the person intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another. Tex. Pen. Code § 38.03. The original dispatch call was for the motel disturbance, which was resolved. Therefore, when determining whether appellant assaulted the peace officer in the lawful discharge of an official duty, the jury was entitled to hear why appellant had been arrested. Otherwise, there would have been no arrest to resist.

The remaining *Gigliobianco* factors focus on the potential negative effects of the proffered evidence. Under Rule 403, the probative value of the evidence is weighed against the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403. Unfair prejudice "refers to a tendency to suggest decision on an improper basis,

9

commonly, though not necessarily, an emotional one." *Gigliobianco*, 210 S.W.3d at 641. The trial court could have reasonably concluded that the evidence of a warrant did not have a tendency to suggest decision on an improper basis.

In balancing these factors against the State's need for the evidence, the trial court instructed the State not to mention that the warrant was a parole warrant or that it was for a prior offense of assault of a peace officer. Appellant argues that evidence he was "a wanted criminal who was on the streets with an open and active warrant for his arrest" had the potential to arouse the jury's hostility or sympathy without regard to the logical probative force of the evidence. These factors do not weigh in favor of exclusion. The evidence that officers were arresting appellant on an outstanding warrant involved straightforward testimony without embellishment that was not likely to confuse the ultimate issues for the jury to decide, nor was the jury likely to have been misled by this evidence for Rule 403 purposes.

As far as the danger of undue delay and needless presentation of cumulative evidence, the testimony regarding appellant's outstanding warrant was brief and was given in the context of the events that led to the assault. These factors likewise do not weigh in favor of exclusion.

Not only was evidence of appellant's outstanding warrant probative of an element of the offense and to explain the context of appellant's arrest, the admission of such evidence did not result in the danger of unfair prejudice such that it substantially outweighed the probative value. *See* Tex. R. Evid. 403. We conclude the trial court's decision to admit evidence that appellant was arrested on an outstanding warrant fell within the zone of reasonable disagreement. *See Hammer*, 296 S.W.3d at 568. Thus, the trial court did not abuse its discretion in admitting the evidence.

We overrule appellant's sole issue on appeal.

**CONCLUSION**

Having overruled appellant's issue, we affirm the trial court's judgment.

/s/     Jerry Zimmerer
          Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).